UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SINCLAIR LANDON ATKINS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00554-JRS-DLP |
| | ) | |
| ELIZABETH TRUEBLOOD Dr., MD., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Interested Party. | ) | |

**Order Granting Defendant's Unopposed Motion to Dismiss,
Terminating Plaintiff's Motion to Dismiss,
and Directing Entry of Final Judgment**

## 1.      Procedural History

Sinclair Landon Atkins, Jr., filed this *pro se* action on December 21, 2018, asserting a claim

against Dr. Elizabeth Trueblood, a physician at the Federal Correctional Institution, Terre Haute,

Indiana. Mr. Atkins pleaded that he suffers from a myriad of heart conditions and complains in

this case that he has a rapid heartbeat at night. He has seen Dr. Trueblood at the prison numerous

times, received numerous tests, and taken medication, all to no avail. Believing that Dr. Trueblood

is not treating his rapid heartbeat properly, he filed suit seeking injunctive relief in the form of

additional medical testing and care. Mr. Atkins does not seek monetary damages. Dkt. 1. at 5.

On July 5, 2019, Dr. Trueblood moved to dismiss this action for failure to state a claim

upon which relief can be granted. Dkt. 28. Mr. Atkins has not responded to Dr. Trueblood's motion

and the time for doing so has passed. On October 7, 2019, Mr. Atkins filed a letter he titled "motion

to dismiss," dkt. 33, which will be discussed at the conclusion of this Order.

Dr. Trueblood seeks dismissal of the suit, asserting first that she has no authority to provide the requested injunctive remedies because she is being sued in her individual capacity, and only an official capacity defendant has the authority to do so, and second because the complaint does not state a claim for deliberate indifference. Dkt. 28. The Court need not address Dr. Trueblood's first argument because the motion to dismiss will be granted based on the second argument.

2.      **Factual Allegations**

In Mr. Atkin's complaint, he describes his heart condition and the problems he has suffered. In 2012, while in Bureau of Prisons custody, he had open heart surgery to replace an aortic valve. In 2015 Mr. Atkins had a dual chamber pacemaker implanted. At night he uses a CPAP device while sleeping. He pleads that he has been doing well until about a year before this suit was filed. Mr. Atkins began experiencing a rapid heart beat at night. The rapid beat goes away when he sits down, but the rapid heart beats are increasing in frequency. During the daytime, Mr. Atkins has been experiencing dizzy spells. Dkt. 1 at 2-3 (plaintiff's complaint).

Mr. Atkins pleads that his "heart disease is not being (fully) cared for" by Dr. Trueblood. But he pleads that Dr. Trueblood has encouraged him to sign up for sick call, which he has done on several occasions. Dr. Trueblood has treated his rapid heart beat with medication, and a cardiologist who frequently visits the prison "will go along" with that treatment. The cardiologist has recommended tests, but Mr. Atkins writes they "will never reveal what is causing my rapid heartbeat." *Id.* at 4.

Mr. Atkins also pleads that while there are tests and treatments for his rapid heartbeat, he does not name them or plead when he requested them. He pleads that Dr. Trueblood "will never <u>fully</u> try to give [him] the tests or the medical care" he needs. *Id.*

In addition to the allegations in his complaint, Mr. Atkins attaches his grievance records and references them in his complaint. Dkt. 1 at 5. These attachments show that he reported his rapid heartbeat symptoms to Dr. Trueblood on three occasions – July 9, August 14, and September 14, 2008. Dr. Trueblood ordered several EKGs, but they were in "normal limits." Dkt. 1-1 at 1-3. The day that Mr. Atkins sent his first letter to Dr. Trueblood, he was examined by the cardiologist. About one month after the third letter, a pacemaker evaluation was performed. And Mr. Atkins is taking prescribed medication for his heart condition.

There is no allegation that medical appointments with Dr. Trueblood have been requested but not scheduled, that scheduled appointments have been cancelled, or that a visit with the doctor was limited in scope and Mr. Atkins was not allowed to discuss his heart condition. Finally, the documents attached to the complaint indicate that follow-up visits with the cardiologist have been approved. Dkt. 1-1 at 6.

### 3. Legal Standard Applied to Rule 12(b)(6) Motions

Dr. Trueblood's motion to dismiss is brought pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that on its face the complaint fails to state a claim upon which relief can be granted. The legal standard applied to a motion to dismiss requires the Court to

> accept all of the well-pleaded facts as true and "draw all reasonable inferences in favor of the plaintiff." *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a motion to dismiss, the complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, a claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

*United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018).

**4.      Discussion.**

Dr. Trueblood argues that on its face the complaint fails to state a claim for deliberate indifference to Mr. Atkins's serious medical needs. The Court agrees. In evaluating whether a complaint states a claim, the Court considers what is necessary in a medical deliberate indifference claim.

> [I]n the context of prison medical care, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983 for violation of the Eighth Amendment. We evaluate deliberate-indifference claims by first examining whether a plaintiff suffered from an objectively serious medical condition and then determining whether the individual defendant was deliberately indifferent to that condition. . . .
> . . . .
>
> To prove deliberate indifference, mere negligence is not enough. A plaintiff must provide evidence that an official actually knew of and disregarded a substantial risk of harm. The linchpin is a lack of professional judgment. A medical professional is entitled to deference in treatment decisions unless no minimally competent professional would have so responded under those circumstances. A prison medical professional faces liability only if his course of treatment is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment.

*Campbell v. Kallas*, 936 F.3d 536, 544-45 (7th Cir. 2019) (internal citations and quotations omitted). To elaborate, deliberate indifference means a culpable state of mind equivalent to criminal recklessness. *Rivera v. Gupta*, 836 F.3d 839, 842 (7th Cir. 2016).

Mr. Atkins has not pleaded any facts to even suggest that Dr. Trueblood acted with a state of mind equivalent to criminal recklessness. Dr. Trueblood examined Mr. Atkins and ordered tests, placed him on medication, and worked with a cardiologist. Dkt. 1. This is not deliberate indifference. Mr. Atkins has pleaded such detail, describing and showing that Dr. Trueblood was treating him for his heart condition, that he has essentially pleaded himself out of court. *Pugh v.*

*Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008) ("[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim.").

Dr. Trueblood's June 5, 2019, unopposed motion to dismiss, dkt. [28], is **granted**. Final judgment consistent with this Order shall now enter. This dismissal counts as a "strike" pursuant to 28 U.S.C. § 1915(g) because the complaint is dismissed for failure to state a claim upon which relief can be granted. If Mr. Atkins accumulates three such "strikes," he will not be permitted to proceed in forma pauperis in future cases unless he is under imminent danger of serious physical injury. *Id.*

**5.    Mr. Atkins's "Motion to Dismiss."**

Mr. Atkins sent correspondence to the Court, filed October 7, 2019, that was titled "Motion to Dismiss." Dkt. 33. The two-page letter does not ask for dismissal, but is a description of Mr. Atkins's frustration with the federal courts. That does not matter, however, because in light of granting Dr. Trueblood's motion to dismiss, Mr. Atkins's "motion" has become moot. The **clerk is directed** to terminate as a motion Mr. Atkins's filing docketed October 7, 2019. Dkt. [33].

**IT IS SO ORDERED**.

Date:        10/17/2019

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Sinclair Landon Atkins, Jr.
32066-083
Terre Haute Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808

Justin R. Olson
United States Attorney's Office (Indianapolis)
justin.olson2@usdoj.gov